# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.                                      **Criminal Action No. 3:02-CR-38**
                                                 **(BAILEY)**

**MICHAEL ANDREW LARGENT**,

    Defendant.

## ORDER DENYING DEFENDANT'S MOTION
## FOR REDUCED SENTENCE

Pending before this Court is defendant's Motion Pursuant to 18 U.S.C.A. § 3582(c)(2) for Reduction of Sentence [Doc. 46] (filed *pro se*). In his motion, the defendant seeks a sentence reduction to reflect a 1:1 cocaine base to powder cocaine ratio. This Court will deny the motion.

This is a motion for a reduction in term of imprisonment under 18 U.S.C. § 3582(c)(2), which provides that a "court may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment based upon a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission."

1

In considering reductions under § 3582(c)(2), neither the appointment of counsel nor a hearing is required. **United States v. Legree**, 205 F.3d 724 (4th Cir. 2000). As noted by the Fourth Circuit in **Legree**, "[a] motion pursuant to § 3582(c) 'is not a do-over of an original sentencing proceeding where a defendant is cloaked in rights mandated by statutory law and the Constitution.'" 205 F.3d at 730, quoting **United States v. Tidwell**, 178 F.3d 946, 949 (7th Cir.), *cert. denied*, 528 U.S. 1023 (1999). In accord is **United States v. Dunphy**, 551 F.3d 247, (4th Cir.), *cert. denied*, 129 S.Ct. 2401 (2009).

"In determining the amended guideline range, this court will only make changes to the corresponding guideline provision, which is affected by Amendment [706], and all other guideline decisions will remain unaffected." **United States v. Gilliam**, 513 F.Supp.2d 594, 597 (W.D. Va. 2007), citing U.S.S.G. § 1b1.10.

In this case, despite the fact that the appointment of counsel is not required, the defendant's interests are represented by the Federal Public Defender, who previously reviewed this case on defendant's behalf.

Defendant Largent was provided the benefit of the revised sentencing guidelines having been sentenced in accordance with the amendments to the United States Sentencing Commission Guidelines. Defendant Largent now seeks an even greater reduction. In support, the defendant relies solely upon new proposals by the Attorney General and the Department of Justice which seek to eliminate the disparity between cocaine base and powder cocaine altogether, but which has neither been accepted by the United States Sentencing Commission, nor submitted to Congress. As previously noted, this Court cannot grant relief except "in the case of a defendant who has been sentenced

2

to a term of imprisonment based upon a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." This Court will not engage in legislating from the bench. Further, this Court has previously stated its firm position that crack cocaine is a far more serious drug than powder cocaine.

For the reasons stated above, the defendant's Amended Motion Pursuant to 18 U.S.C.A. § 3582(c)(2) to Reduce Sentence **[Doc. 46]** (filed *pro se*) is **DENIED**.

It is so **ORDERED**.

The Clerk is hereby directed to transmit copies of this Order to all counsel of record herein and to mail a copy to the *pro se* defendant.

**DATED:** December 22, 2009.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE